UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America,

      v.                                                      Crim. No. 2:11-MJ-127

Frank Santaw,

      Defendant.

## **OPINION AND ORDER**
(Doc. 13)

      Frank Santaw has been charged by criminal complaint with engaging in a conspiracy with others to manufacture methamphetamine, in violation of 21 U.S.C. § 846. During his initial appearance on December 21, 2011, Santaw, represented by counsel, waived his right to a preliminary hearing pursuant to Fed. R. Crim. P. 5.1 and the Court concluded that probable cause existed to sustain the charge. Santaw also did not contest the government's motion for pretrial detention filed pursuant to 18 U.S.C. § 3142.

      Presently before the Court is Santaw's motion pursuant to 18 U.S.C. § 3145(b) to reconsider the Order of Detention (Doc. 13). Santaw seeks release to participate in a 21 day residential treatment program at Serenity House, a residential treatment facility in Wallingford, VT. The government opposes Santaw's motion for the reasons set forth in its motion seeking detention. (Doc. 6.)

**I.**      **The Bail Reform Act**

      At the initial appearance the Court concluded that this case is an eligible case for detention because the charged offense is a serious drug felony that carries with it a

maximum term of imprisonment of 10 years or more.  18 U.S.C. § 3142(f).

Because the Bail Reform Act law generally favors release on bail, the government carries a dual burden in seeking pre-trial detention.  First, the government must show that a defendant poses a risk of flight or a danger to any other person and the community.  It then must show that there is no condition or combination of conditions the court could set to either assure the defendant's continued appearance or the safety of the community. *United States v. Sabhnani*, 493 F3d 63 (2d Cir. 2007).  The government bears the burden of proving that an accused person is a risk of flight by a preponderance of the evidence. *United States v. Chimurenga*, 760 F.2d 400, 405 (2d. Cir. 1985).  It bears the burden of proving an individual is a danger to the community by clear and convincing evidence. *United States v. Ferranti*, 66 F.3d 540 (2d. Cir. 1995).  Here, the defendant has not contested that probable cause exists and the Court has so found.  Thus, the statute gives rise to a rebuttable presumption that there is no condition or combination of conditions that the Court could set to either reasonably assure the defendant's continued appearance or the safety of the community.  18 U.S.C. § 3142(e)(2),(3).

In evaluating the question of release or detention, the Court is required to consider (1) the nature and seriousness of the charged offense, including whether or not it involves a controlled substance, (2) the strength of the evidence against the accused, (3) the history and characteristics of the accused, including their prior criminal record, history related to substance abuse, record of appearing at court proceedings, employment, and family and community ties, financial resources, and length of residence in the community, and (4) the danger posed to any person or the community by the defendant's release.  18 U.S.C. §

3142(g).  Several of these factors relate only to risk of flight and others relate to dangerousness while some relate to both concerns.  In fact, the Second Circuit is yet to rule on whether such factors as strong community ties, a large bond, and electronic monitoring–all related to risk of flight–can ever rebut a presumption of dangerousness. *United States v. Mercedes,* 254 F.3d 422, 436 (2d. Cir. 2001).

**II.	Analysis**

The first two factors under § 3142 (g) support the conclusion that detention is warranted.  The nature and circumstances of this offense involves a multi-state conspiracy to manufacture methamphetamine, a controlled substance.  It is alleged that the conspiracy extended over six months.  Methamphetamine is a particularly addictive controlled substance and the manufacture of methamphetamine is a particularly dangerous process.  The weight of the evidence is strong, and includes multiple pharmacy purchase records, information from co-conspirators, and post arrest admissions by Santaw in which he admitted to participating in the offense conduct.

With regard to Santaw's history and characteristics, the Pretrial Services Report reveals that Santaw is a lifelong Vermonter.  He resides with his girlfriend and they have two children.  He has a mother in Lyndonville, VT.  Santaw reports being unemployed, and he is indigent, receiving state assistance.  It is clear that Santaw's family ties, length of residence in the community, and his lack of financial resources with which to finance a flight to avoid prosecution are sufficient to rebut the presumption in favor of detention.  In fact, were risk of flight the only concern, conditions of release could possibly be set to assure Santaw's continued appearance in court.

Santaw has a 2002 conviction for a crime of violence, being arson in the first degree. Under Vermont law, Arson in the First Degree involves the burning of a dwelling. It is of great concern to the Court that this serious offense was committed *while* Santaw was released on bail conditions from Essex County Superior Court for a pending felony charge of Receiving Stolen Property. Santaw was convicted of both offenses in 2002. He was convicted of Driving Under the Influence of Alcohol and Resisting Arrest in 2003. These two offenses were committed *while* Santaw was on probation for his Arson conviction. The commission of offenses while under court supervision is a strong indication of an unwillingness to abide by prospective conditions. He also has a 2007 conviction for Leaving the Scene of an Accident with Property Damage. He has attempted treatment as evidenced by his failed participation in a Suboxone maintenance program. He reports using a variety of controlled substances, including cocaine, marijuana, and prescription opiates not prescribed to him within the past year, and he reports a current six month long addiction to methamphetamine. A urine screen was presumptively positive for methamphetamine.

As troubling as Santaw's current offense and his past conduct may be, of equal concern to the Court is the information that the defendant affirmatively sought out the cooperating individual ("CI") in this case in order to assault that person with a baseball bat. According to the government's proffer, proof of this conduct lies in a taped meeting between the CI and the defendant, and the defendant's own post arrest admissions. The complaint affidavit reveals that Santaw told the CI that had the CI shown up the preceding evening, Santaw was drunk and "was gonna pound your head with a baseball bat." (Doc.

1-1, ¶ 36.)   The government has proffered that Santaw admitted in the course of a post arrest statement that he had driven around Island Pond with a baseball bat looking for the witness.   Threats to a witness are serious concerns indeed as such conduct strikes deep at the heart of an effective criminal justice system.

The defendant counters with a proposal that he be released to a 21 day residential treatment facility.   However, such a facility is unsecured and is of limited duration. Release to pursue a treatment opportunity is appropriate only if the person is otherwise releasable in the first instance.   Here, in light of (1) the statutory presumption in favor of detention, (2) the seriousness of the offense conduct, (3) the defendant's prior conviction for a crime of violence and alcohol related offenses, (4) his history of committing serious new offenses while under court supervision, and (5) his threat to cause bodily harm to a witness by means of a baseball bat, the Court concludes that the government has met its dual burden of proof to show that the defendant is indeed a danger to the community, and that there are no conditions or combination of conditions to reasonably assure the safety of the community and witnesses in particular.   Accordingly, the motion for reconsideration of the Court's Order of Detention (Doc. 13) is DENIED.

Dated at Burlington, in the District of Vermont, this 3rd day of January, 2012.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge